

Damien J. Marshall
Tel. (212) 909-7617
Email: dmarshall@bsfllp.com

May 14, 2020

**BY ELECTRONIC FILING**

Hon. Edgardo Ramos
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

    Re:    Request for Pre-Motion Conference
            *Simmons v. Ripple Labs, Inc.*, No. 20-cv-2236-ER

Dear Judge Ramos:

      Pursuant to Individual Rule of Practice 2.A.ii, I write on behalf of Defendants Ripple Labs, Inc., Bradley Garlinghouse, and XRP II, LLC (collectively, Ripple) to request a pre-motion conference regarding Ripple's contemplated motion to dismiss, transfer, or stay this action pursuant to the first-filed rule. *See Emp'rs Ins. of Wausau v. Fox Entm't Grp., Inc.*, 522 F.3d 271, 274-75 (2d Cir. 2008) ("As a general rule, 'where there are two competing lawsuits, the first suit should have priority.'").  The basis for this Motion is that the instant action is duplicative of a case that has been proceeding against Ripple in the Northern District of California for nearly two years. Allowing this action to go forward would disserve the courts and parties in both actions.

### Factual Background

      Plaintiff Daniel Simmons alleges that XRP, a virtual currency distributed by Ripple, is a security under federal law and that Ripple has violated § 12(a)(1) and § 15 of the Securities Act by failing to register XRP with the SEC. *See* Complaint ¶¶ 17, 68-80.  Ripple categorically denies these claims.

      The allegations in the Complaint are identical to those in an action that has been proceeding against Ripple in the Northern District of California for nearly two years.  Over the course of several months in 2018, Ripple was named in several putative class-action lawsuits alleging that its offering of XRP violated federal and state securities laws.  Each action was "premised on the same theory of liability": that "XRP qualifies as a 'security' under either the California or federal securities laws" and that "Ripple's past and ongoing sales of XRP constitute the selling of unregistered securities in violation of federal or state law." *Zakinov v. Ripple Labs, Inc.*, 369 F. Supp. 3d 950, 952 (N.D. Cal. 2019).



These actions have since been consolidated into a single proceeding. *Id.* at 957. Pursuant to the Private Securities Litigation Reform Act, the Honorable Phyllis J. Hamilton, Chief Judge of the Northern District of California, has appointed a Lead Plaintiff and Class Counsel, and ruled on a complex motion to dismiss. A First Amended Complaint has been filed and Ripple is due to respond by June 8, 2020.

## **Legal Basis for the Motion**

The first-filed rule is a "well-established Second Circuit doctrine." *Wagner v. Akin Gump Strauss Hauer & Feld LLP*, 16 Civ. 3532 (GBD) (JCF), 2017 WL 176328, at *1 (S.D.N.Y. Jan. 17, 2017). It provides that when two cases with similar facts, claims, and parties arise in different jurisdictions, only the first-filed action should proceed. *See Emp'rs Ins. of Wausau*, 522 F.3d at 274-75. It thus prevents duplication of judicial effort, vexatious litigation in multiple forums, and the risk of inconsistent judgments, while achieving the comprehensive disposition of related disputes. *See Santana v. Cavalry Portfolio Servs.*, 19 Civ. 3773 (PAE), 2019 WL 6173672, at *2 (S.D.N.Y. Nov. 19, 2019).

### 1. The First-Filed Rule Applies

For the first-filed rule to apply, the "issues need not be identical, and the named parties need not be entirely the same provided that they represent the same interests." *Oleg Cassini, Inc. v. Serta, Inc.*, No. 11 Civ. 8751 (PAE), 2012 WL 844284, at *3 (S.D.N.Y. Mar. 13, 2012). "Courts in this Circuit frequently apply the first-filed rule to cases that are similar, but not identical." *Thomas v. Apple-Metro, Inc.*, No. 14 Civ. 4120 (VEC), 2015 WL 505384, at *3 (S.D.N.Y. Feb. 5, 2015) (collecting cases).

Here, the first-filed rule applies. The federal claims and legal theories in each case are identical. The defendants are identical. And the factual allegations supporting those claims are essentially indistinguishable, at times mirroring one another word-for-word. While the plaintiff is different, Mr. Simmons purports to be a member of the putative class in the first action and is therefore sufficiently similar for the rule to apply. *See Santana*, 2019 WL 6173672, at *4. In short, everything to be decided here is already at issue in the first action. Ripple thus intends to seek relief under the first-filed rule.

### 2. No Exceptions Justify Departing from the First-Filed Rule

The first-filed rule permits only two "limited" exceptions: (1) where "special circumstances" warrant prioritizing the second suit; and (2) where the "balance of conveniences" favors the second-filed action. *See Emp'rs Ins. of Wausau*, 522 F.3d at 275. The former applies where the first-filed case bears indicia of an improper anticipatory filing or that forum-shopping *alone* motivated plaintiff's choice of venue. *Id.* at 276. The latter "balance of conveniences" exception mirrors the transfer factors considered under § 1404(a). *Id.* at 275. These factors are:

> (1) the plaintiff's choice of forum; (2) the convenience of the witnesses; (3) the location of relevant documents and sources of proof; (4) the convenience of the parties; (5) the locus of operative facts; (6) the availability of process to compel unwilling witnesses; (7) the relative means of the parties; (8) the forum's familiarity with the governing law; and (9) trial efficiency and the interests of justice.



*See Paysafe Holdings UK Ltd. v. Accruit, LLC*, 18 Civ. 75 (ER), 2019 WL 1115054, at *4 (S.D.N.Y. Mar. 11, 2019). Critically, the party opposing application of the first-filed rule—here, Mr. Simmons—has the burden of showing that an exception applies. *See Amorphous v. Flipboard, Inc.*, No. 15 Civ. 5802 (KPF), 2016 WL 1651868, at *2 (S.D.N.Y. Apr. 26, 2016).

Simmons cannot carry this burden. First, no "special circumstances" exist. The first action could not have been filed in anticipation of Simmons's litigation, since he alleges that he only learned about Ripple's conduct *through the filings in that action*. *See* Complaint ¶ 66. Nor is there any reason to believe that the plaintiffs in the first action engaged in forum shopping. This exception therefore does not apply.

Second, the "balance of conveniences" overwhelmingly favors the first-filed action. The usual weight given to a plaintiff's choice of forum (factor one) is not due when the first-filed rule applies. *See Santana*, 2019 WL 6173672, at *4. And, since Ripple and XRP II are headquartered in the Northern District of California and Mr. Garlinghouse resides there, the vast majority of witnesses, documents, and operative facts (factors two through six) are located in or occurred in the Northern District. *See* Complaint ¶¶ 18-20. This District, on the other hand, bears almost no relation to the action: Simmons has not alleged that any relevant events took place in the Southern District of New York, and *has* alleged that he lives outside this District. *Id.* ¶ 16. Further, the interests of justice and judicial economy (factor nine) weigh heavily against the simultaneous litigation of identical issues in different federal courts. *See, e.g.*, *Williams v. City of New York*, No. 03 Civ. 5342 (RWS), 2006 WL 399456, at *3 (S.D.N.Y. Feb. 21, 2006). And while the parties' relative means likely tip in favor of Simmons (factor eight), that one factor alone cannot overcome the commanding weight of seven others—especially since, as a member of the putative class in the first action, Simmons's interests are already represented there by the lead plaintiff and his Court-approved counsel.

### 3. Ripple Will Seek Dismissal or, in the Alternative, a Transfer or Stay

Courts in this District routinely dismiss actions under the first-filed rule. *See, e.g.*, *Wagner*, 2017 WL 176328, at *2; *Thomas*, 2015 WL 505384, at *5; *Oleg Cassini*, 2012 WL 844284, at *9. Ripple will urge the Court to do the same here.

Alternatively, "courts may opt to transfer a case to the first-filed district or stay the second case pending resolution of the first-filed case." *Thomas*, 2015 WL 505384, at *2. A transfer of this case to the Northern District of California would trigger consolidation of the two actions. *See* PSLRA Order at ¶ 6, *Zakinov v. Ripple Labs, Inc.*, No. 18-cv-6753-PJH (N.D. Cal. Mar. 18, 2019), ECF No. 35. In the event the Court declines to dismiss or transfer this action, Ripple intends to seek a stay. However, Ripple cautions that staying this case is less efficient than dismissal or transfer, as it "would require the Court to reexamine, albeit at a later date, many of the same issues to be decided" in the first-filed action. *Thomas*, 2015 WL 505384, at *5.

\* \* \*

For these reasons, Ripple respectfully requests a pre-motion conference regarding its proposed motion to dismiss, transfer, or stay this action pending resolution of the California litigation.



        Respectfully submitted,

        */s/ Damien J. Marshall*

        Damien J. Marshall