# ROSS PITCOFF LAW

(646) 580-3204         www.rosspitcofflaw.com         ross@rosspitcofflaw.com
387 Park Avenue South, 5th Floor
New York, NY 10016

May 19th, 2020

**VIA ECF**
Hon. Justice Edgardo Ramos
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

Re: Response to Request for Pre-Motion Conference
*Simmons v. Ripple Labs, Inc. et. al., No.* 20-cv-2236 (ER)

Your Honor:

My office represents the Plaintiff in the matter of Daniel Simmons v. Ripple Labs, Inc., XRP II, LLC and Bradley Garlinghouse (the "Defendants"). In accordance with Your Honor's Order dated May 15th, 2020, Plaintiff responds to Defendants' Letter Request as follows.

## I. Allegations

Plaintiff Daniel Simmons has brought with within action against the Defendants alleging that between the periods of November 2017 and February 2019, the Defendants sold Mr. Simmons unregistered securities in violation of Sections 5, 12 and 15 of the United States Securities Act of 1933 (the "Securities Act.").

Specifically, Plaintiff alleges that he purchased significant amounts of the digital "crypto" currency XRP, a centralized, non-registered and unregulated digital currency that has all the trappings of a security, subjecting it to adherence to the statutory registration requirements of the Securities Act.

Plaintiff has sustained losses of approximately $120,000.00 resulting from his trades of XRP, and seeks relief in the form of (a) rescission of all purchases of XRP; and (b) a declaratory judgment confirming that XRP is a security, and that the unregistered sales of XRP violated applicable securities laws.

## II. The California Action and the Instant Action

Presently there is a class-action lawsuit pending in the Northern District of California against the Defendants concerning the alleged unregistered sales of XRP (the "California Action"). While the California Action sets forth violations of the Securities Act, a majority of the allegations included

in the California Complaint are directed towards violations of the California Corporations code and the California Business and Professions Code.

Defendants wish to file a motion seeking dismissal, a stay, or a transfer of the Instant Action to the Northern District of California based upon the application of the first-filed rule. Defendants will argue (a) that the first-filed rule applies in this instance; and (b) that there are no exceptions present justifying a departure from its application.

### III.   The First-Filed Rule Does Not Apply to the Instant Action

Plaintiff will argue that the first-filed rule does not apply herein because the overlap of factual and legal issues is insufficient to warrant its application.  *Catalano v. BMW of N.Am., LLC*, 167 F. Supp 3d 540, 552 (S.D.N.Y. 2016).

Specifically, the Plaintiff is not a party to the California Action, and the Plaintiff does not allege violations of California's Corporations Code nor its Business and Professions Code, which account for four (4) of the seven (7) causes of Action set forth in the claim pending in California[1]. *Employers Ins. Of Wausau v. Fox Entm't Grp., Inc.*, 522 F.3d 271, 2714 (2d Cir. 2008). Given that the factual assertions set forth in the California Action are indelibly interwoven into the California causes of action contained in the California Complaint, it is respectfully submitted that the Instant Action is sufficiently distinct from the California Action to justify denial of the applicability of the first-filed rule.  *Citigroup Inc. v. City Holding Co.*, 97 F. Supp 2d 549 (S.D.N.Y. 2000).

### IV.   There Are Exceptions Justifying Departure From The First-Filed Rule

Even if the Court were to determine that the first-filed rule does apply herein, the first-filed rule is not to be applied in a mechanical way, and not prior to a review of additional considerations. *National Patent Development Corp. v. American Hospital Supply Corp.*, 616 F. Supp. 114, 118 (S.D.N.Y. 1984); *Citigroup inc. v. City Holding Co. at* 556-57.

In scenarios where the first-filed rule otherwise exists, the Second Circuit has established two exceptions to its application – (a) where the balance of convenience favors the second filed action; and (b) where special circumstances warrant giving priority to the second suit. *Employers Ins. Of Wausau v. Fox Entm't Grp.*, Inc., 522 F.3d 271, 275 (2d Cir. 2008). In deciding between competing jurisdictions, the balancing of convenience should be left to the sound discretion of the district

---

[1] The California Action includes allegations of breaches of Sections 25110, 25503, 25401 and 25504 of California Corporations Code, as well as claims of False Advertising in violation of California Business and Professions Code Section 17500, and claims of Unfair Competition in violation of California Business and Professions Code Section 17200. None of these state-specific claims are set forth in the Instant Action, nor do claims of unfair competition or false advertising exist.

courts.  *Berisford Capital Corp. v. Cent. States, Se. & Sw. Areas Pension Fund*, 677 F. Supp. 229, 222 (S.D.N.Y. 1988).

The first-filed doctrine may be rebutted by proof of the desirability of proceeding in the forum of the second-filed action. *Berisford Capital Corp. v. Cent. States, Se. & Sw. Areas Pension Fund*, 677 F. Supp. 229, 222 (S.D.N.Y. 1988).  The factors to be considered in a balance of convenience analysis are nearly identical to those considered in connection with a motion to transfer venue pursuant to 28 U.S.C. § 414(a). *See Thomas v. Apple-Metro, Inc.*, 2015 U.S. Dist. LEXIS 14574 at *1 (S.D.N.Y. February 15, 2014).

The factors to be considered are: (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of the parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses; and (7) the relative means of the parties. The Court must balance each of one these factors, none of which is singly dispositive.  *Modern Computer Corp. v. Ma*, 862 F. Supp. 938, 948 (E.D.N.Y. 1994).

Here, the balance of convenience tips heavily in favor of maintaining the action in the Southern District of New York.  Mr. Simmons has chosen the Southern District of New York to litigate the Instant Action as (1); he resides in Queens County, New York; (2) all of the trades of Ripple were made while Mr. Simmons was located in New York; (3) any witnesses to Mr. Simmons' purchase and sale of Ripple also are located in New York; (4) Mr. Simmons is now a man of limited means, managing a liquor store and offering delivery services while living in a small apartment with his father and sister in Queens, New York; and (5) Mr. Simmons, while suffering from lifelong depression related to his mother's death at the time of his birth, is also charged with the task of caring for a close family member diagnosed with cancer.

While the burdens – both geographic and financial - placed on Mr. Simmons would be significant if this matter were to be litigated thousands of miles away in California, the same cannot be said for the Defendants.

Upon information and belief, (a) the Ripple Defendants maintain an office in the District, employing a team of employees at their New York City office located at 155 West 23rd Street, New York, NY; and (b) Mr. Garlinghouse, a billionaire, spends significant amounts of time in the District, promoting Ripple in New York via television appearances, public speaking engagements, and interviews conducted in and around New York City.

## V.  Neither A Dismissal/Transfer/or Stay Is Warranted

It is respectfully submitted that for the reasons set forth above, neither a dismissal, transfer or stay is warranted as (a) the first-filed rule does not apply; and (b) even if it does, justifiable exceptions exist warranting that the Instant Action proceed on the merits in the Southern District of New York, without subjecting it to consideration of California codes and statutes that are entirely irrelevant to Plaintiff's claims.

The Plaintiff thanks the Court for its consideration of Plaintiff's Responses set forth above.

/s/ Ross E. Pitcoff
Ross  E. Pitcoff

Cc:  All Counsel via ECF